UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-24075-CIV-SEITZ/O'SULLIVAN

CECILIA CUELLO, et al.,

    Plaintiffs,

vs.

EL TABLAZO RESTAURANT, INC.,
et al.,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT AND
RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE**

THIS MATTER came before the Court following a Notice of Settlement (DE# 20, 2/11/11) and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the Settlement Agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there were bona fide factual and legal disputes and the defendants' ability to pay the settlement was also at issue. The Court has reviewed the terms of the Settlement Agreement including the amount to be received by the plaintiffs and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' Settlement Agreement (including attorney's fees and costs) is hereby **APPROVED**. It is further

**RECOMMENDED** that the Court **GRANT** the parties' Joint Motion to Approve Settlement, Release, and Non-disclosure Agreement and Dismiss with Prejudice Plaintiffs' First Amended Complaint (DE# 23, 2/28/11) and that the Court **retain jurisdiction until March 28, 2012** to enforce the terms of the settlement.[1]

**DONE AND ORDERED** in Chambers at Miami, Florida this **28th** day of February, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record

---

[1] At the fairness hearing, the parties consented to magistrate judge jurisdiction for any further proceedings in this case.